# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOUIS T. CORDOVA,

      Plaintiff,

v.                                                                  CV 16-1144 JAP/WPL

STATE OF NEW MEXICO,
University of New Mexico Hospital,
EDUARDO LOPEZ, CAROL HILTON,
and DEINNA DURES, Individual
Defendants,

      Defendants.

## ORDER GRANTING STAY OF DISCOVERY

Defendants Eduardo Lopez, Carol Hilton, and Deinna Dures filed a motion to stay discovery (Doc. 30) pending resolution of the motion to dismiss (Doc. 29). Depositions in this case are slated to begin on July 12, 2017. (Doc. 30 at 2.) I expedited briefing on the motion to stay (Doc. 31), and have reviewed Plaintiff Louis Cordova's response in opposition (Doc. 33) and the Defendants' reply (Doc. 34). Under the circumstances, I find that it is appropriate to grant the motion to stay discovery and to stay all discovery deadlines that have yet to run.

The Defendants generally contend that their motion to dismiss is predicated on qualified immunity. A careful review of the motion, however, reveals that the motion to dismiss is not based on qualified immunity so much as it is a general failure to state a claim defense.

A court has broad discretion to stay proceedings incident to its power to manage its docket, and may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which allows the court for good cause to limit discovery to protect a party from "undue burden or expense." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). A party seeking a stay bears the

burden of establishing the need for it. *Clinton*, 520 U.S. at 708. In deciding whether to stay discovery, a court may consider whether there are pending motions that would dispose of the entire case, and whether those motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). The court should balance any undue burden that discovery would impose against any prejudice that a stay of discovery would cause. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000). The party opposing the stay may demonstrate prejudice by showing that it needs particular discovery to respond to a dispositive motion, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013), or that discoverable information may be lost during the pendency of the stay, *Clinton*, 520 U.S. at 707-08.

The Defendants have shown that their motion to dismiss, if granted, would dispose of Cordova's entire claim. Cordova argues that the Defendants have attacked the facts set forth in the Complaint, but does not contend that he needs discovery to respond to the motion to dismiss, or that discoverable information may be lost during the pendency of the stay.

The motion to stay discovery is granted. All discovery deadlines that have already passed—including the deadlines for expert disclosures—are unaffected by this stay. An amended scheduling order detailing the termination date for discovery, the deadline for discovery motions, and the deadline for dispositive motions will be entered after Judge Parker rules on the motion to dismiss.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge