IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUIS T. CORDOVA,

       Plaintiff,

v.                                                  No. 16-cv-01144-JAP/JHR

STATE OF NEW MEXICO,
University of New Mexico Hospital,
EDUARDO LOPEZ, in his individual capacity,
CAROL HILTON, in her individual capacity,
and, DEINYNA DUENAS, in her individual capacity,

       Defendants.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON COUNT I--FMLA INTERFERENCE**

**COMES NOW** Plaintiff Louis T. Cordova [hereinafter "Cordova"], by and through his counsel of record, Law Offices of Michael E. Mozes, P.C. (Michael E. Mozes), and hereby submits his Motion for Summary Judgment on Count I--FMLA Interference. As grounds therefor, Cordova states as follows:

**I. INTRODUCTION**

Cordova seeks through this motion a grant of summary judgment on his claims of FMLA interference against Defendants Eduardo Lopez [hereinafter "Lopez"] and Carol Hilton [hereinafter "Hilton"]. This motion for summary judgment is specifically directed to the claims that Lopez and Hilton interfered with Cordova's FMLA rights by denying him FMLA leave for which he was eligible on March 23, 2016. This denial of rightful FMLA leave eventually led to Cordova's separation from his University of New Mexico Hospitals ("UNMH") employment; however, this motion narrowly addresses the denial of FMLA and Cordova's forced obligation to remain at work while he suffered symptoms of the medical condition–acute anxiety and panic

attacks–related to his pending FMLA request. There are no questions of genuine material fact that merit a trial on the FMLA interference claims and Cordova is entitled to judgment as a matter of law.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Employees of Defendant State of New Mexico, University of New Mexico Hospitals [hereinafter "UNMH"], are expected to abide by UNMH's personnel policies and procedures. *Depo. of N. Bodnar, pp. 14-15, lns. 23-1, attached hereto as Exhibit 1; Depo. of E. Lopez, p. 12, lns. 18-22, attached hereto as Exhibit 2*.

2.  Violations of UNMH policies and procedures could lead to disciplinary action, up to and including termination. *Exh. 1, p. 15, lns. 2-8; Exh. 2, pp. 12-13, lns. 23-1*.

3.  Supervisors and managers are required to abide and enforce UNMH's policies and procedures in the workplace. *Exh. 1, p. 15, lns. 9-21*.

4.  In March 7, 2016, Mr. Cordova received a letter from Mimi Kessinger, a physician assistant at UNMH's Department of Medicine, indicating that Mr. Cordova was excused from work for a period of "approximately 10 days." *Kessing Letter, dated 3/7/16, attached hereto as Exhibit 3*.

5.  Mr. Cordova presented the Kessinger letter to Deinyas Duenas, one of the supervisors in UNMH's preregistration department where Mr. Cordova worked, on or about March 7, 2016. *Depo. of D. Duenas, pp. 11-12, lns. 12-19 and p. 37-38, lns. 20-3, attached hereto as Exhibit 4*.

6.  On March 17, 2016, Mr. Cordova received a note from Outcomes, Inc., a healthcare provider for UNMH employees who are in crisis or need mental health counseling,

stating, among other things, the following: (1) Mr. Cordova was suffering from "symptoms of acute anxiety and panic attacks;" (2) Mr. Cordova had a recommendation for continuing outpatient therapy; (3) Mr. Cordova could return to his regular work schedule; and (4) Mr. Cordova "may need brief breaks if he begins to experience panic symptoms." *D. Crowder Note, dated 3/17/16, attached hereto as Exhibit 5; Depo. of L. Cordova, pp.78-79, lns. 21-5, attached hereto as Exhibit 6*.

7. Mr. Cordova returned to work on March 18, 2016, after being cleared by UNMH occupational health. *Exh. 2, p. 109, lns. 18-20*.

8. On March 17, 2016, Daniel Crowder of Outcomes, Inc., filled out and signed a FMLA Certification of Health Care Provider. *L. Cordova Cert. of Healthcare Provider, dated 3/17/16, attached hereto as Exh. 7*.

9. The FMLA Certification of Healthcare Provider explained, in pertinent part, that: (1) Mr. Cordova would be recommended for treatment weekly to bi-weekly for six months to a year; (2) Mr. Cordova had a diagnosis of PTSD and a history of trauma with avoidance and alteration in cognition and mild dissociative episodes; (3) Mr. Cordova's medical condition caused episodic flare-ups that prevented him from performing his job functions and cause him to be ineffective at work; and (4) Mr. Cordova's medical condition resulted in flare-ups that "include episodes of acute, overwhelming anxiety-panic attacks, avoidance of stimuli, and alterations in cognition that exacerbate anxiety and depression." *Exh. 7, pp. 1-3*.

10. On March 18, 2016, Mr. Lopez delivered the FMLA Certification to UNMH Human Resources after receiving FMLA documentation, including the Certification, from Mr. Cordova. *Exh. 2, p. 57, lns. 2-22*.

11. On March 18, 2016, Mr. Cordova also presented Mr. Lopez with a UNMH Notice of Eligibility and Rights & Responsibility Form for FMLA Leave. *Id., pp. 55-57, lns. 9-22*; *Notice of Eligibility and Rights & Responsibility Form, dated 3/18/16*, attached hereto as Exhibit 8.

12. Mr. Lopez did not read the FMLA documentation he was provided by Mr. Cordova. *Exh. 2, p. 50, lns. 13-14*. Mr. Lopez's signature is on the Notice. *Id., p. 57, lns. 18-20*.

13. Mr. Lopez testified that he did not read the FMLA documentation submitted because of HIPAA privacy concerns. *Id., p. 50, lns. 15-16.*

14. Mr. Lopez does not recall any UNMH employee instructing him that he could not read an employee's FMLA documentation because of HIPAA concerns. *Id., p. 50, lns. 17-24*. It was one of Mr. Lopez's obligations as a UNMH supervisor to read documents provided to him by employees and related to their work performance. *Exh. 2, pp. 105-6, lns. 21-3*.

15. Mr. Lopez admits that, as Mr. Cordova's supervisor, it was appropriate for him to fill out the Supervisor's Section on page 2 of the Mr. Cordova's FMLA Notice of Rights and Responsibility. *Id., p. 56, lns. 5-12.*

16. Mr. Lopez admits that he has no reason to believe that he did not fill out the Supervisor's Section of the Notice of Rights and Responsibility. *Id., pp. 58-59, lns. 23-10.*

17. The Supervisor's Section of the Notice indicates that Mr. Cordova would not require a workplace accommodation. *Exh. 8, p. 2.*

18. Mr. Lopez sent Mr. Cordova's FMLA documentation to UNMH Human Resources for processing. *Exh. 2, p. 42, lns. 5-21.*

19. UNMH's Policy 175-Family and Medical Leave provides that "an employee is

presumed eligible" for FMLA leave unless Human Resources notifies the supervisor otherwise. *Policy 175-Family and Medical Leave, § 5.2.3, p.2, attached hereto as Exhibit 9.*

20. Mr. Bodnar, a Human Resources employee at UNMH, interprets Section 5.2.3 of Policy 175 to mean that while an employee's FMLA approval is pending the employee is eligible for FMLA leave unless Human Resources advises otherwise. *Exh. 1, p. 32, lns. 18-25*.

21. Mr. Lopez admits that Section 5.2.3 of Policy 175 means that a UNMH employee is assumed eligible for FMLA leave while the FMLA request is pending. *Exh. 2, pp. 66-67, lns. 20-1*.

22. Mr. Lopez further admits that he knows of no UNMH policy that would allow a supervisor to force an employee to remain in the workplace while sick. *Id., p. 98, lns. 9-16.*

23. On March 23, 2016 and while at work, Mr. Cordova went to Mr. Lopez and indicated that he needed to go home because of a "FMLA thing." *Exh. 2, p. 47, lns. 10-15*. Mr. Cordova used the word "FMLA" when requesting leave. *Id., pp. 65-66, lns. 20-3.*

24. After notifying Carol Hilton, Mr. Lopez's supervisor, of Cordova's request for time off in relation to a "FMLA-like" thing, Ms. Hilton told Mr. Lopez on March 23, 2016 that Mr. Cordova could not go home because of work needs. *Exh. 2, pp. 46-47, lns. 13-4; p. 48, lns., 7-16, pp. 94-95, lns., 18-5; Supervisors' Employee Journal, dated March 23, 2016, attached hereto as Exhibit 10*.

25. Ms. Hilton admits that on March 23, 2016, when she talked with Mr. Lopez about Mr. Cordova's request to go home, that Mr. Cordova was requesting FMLA leave, that Mr. Cordova could be granted FMLA leave at that time, and that FMLA leave could not be denied on the basis of business need. *Depo. of C. Hilton, pp. 15-16, lns. 8-20, attached hereto as Exhibit 11.*

26. Mr. Lopez did not permit Mr. Cordova to go home after Mr. Cordova stated that

the reason for going home was related to FMLA because Mr. Lopez believed he did not need to grant FMLA leave while Mr. Cordova's FMLA request was pending. *Exh 2., pp. 45-6, lns. 18-12; Exh. 10*.

27. Mr. Lopez understands that if an employee has an FMLA qualifying condition and he or she advises they are not well or sick in relation to that condition, Mr. Lopez must allow them to take FMLA leave. *Exh. 2., p. 68, lns. 2-7*.

28 Mr. Lopez has no recollection of asking Mr. Cordova why Mr. Cordova did not feel well on March 23, 2016. *Id., pp. 90-91, lns. 7-4.*

### III. ARGUMENTS AND AUTHORITIES

**A.   Cordova Merits A Grant Of Summary Judgment On His FMLA Interference Claim.**

**1. The law of FMLA interference.**

A plaintiff on an FMLA interference claim must establish the following: (1) that he was entitled to FMLA leave; (2) that some adverse action by the employer interfered with his right to take FMLA leave; and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights. *Dalpiaz v. Carbon County,* 760 F.3d 1126, 1132 (10th Cir. 2014) *Gambro v. Campbell Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007), *citing Jones v. Denver Pub. Schs.,* 437 F.3d 1315, 1318 (10th Cir. 2005). The employer bears the burden of proof on the issue of whether the employer's actions were related to the exercise or attempted exercise of the employee's FMLA rights where the employee has shown some adverse action interfering with the right to use FMLA leave. *Dalpaz,* 760 F.3d at 1132; *Gambro*, 478 F.3d at 1287; *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006).

Where an employer interferes with the employee's right to FMLA leave, the deprivation constitutes a violation of the FMLA regardless of employer intent. *Brown v. ScriptPro, Inc.,* 700

F.3d 1222, 1226-27 (10th Cir. 2012); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).  Under an interference theory, the employee must simply demonstrate an entitlement to the disputed leave.  *Smith*, 298 F.3d at 960.  The McDonnell-Douglas framework is not applicable to FMLA interference claims.  *ScriptPro, Inc.,* 700 F.3d at 1226-27.  Consequently, a pretext analysis is not necessary in determining FMLA interference claims.  *Id.* at 1228.

In order to invoke his FMLA rights, Mr. Cordova is required to provide sufficient information to place Lopez and Hilton on notice of a probable basis for FMLA leave.  *Righi v. SMC Corp.,* 632 F.3d 404, 408-09 (7th Cir. 2010); *Coleman v. Ill. Dept. of Human Servs.*, 2013 U.S. Dist. LEXIS 136366 *51 (N.D. Ill. 2013).  In this matter, Mr. Cordova advised Lopez that he needed to go home and specifically mentioned the FMLA–although an employee need not even mention the FMLA the first time he takes FMLA-related leave.  *29 C.F.R. § 825.303(b)*.  The onus is on the employer to gather information in order to determine whether the leave requested is FMLA-related or not.  *Id.*

An FMLA interference claim is successful where the plaintiff shows that an employer interfered with the exercise of FMLA rights or acted to discourage the plaintiff from exercising such rights.  *Sutherland v. Goodyear Tire & Rubber Co.*, 446 F.Supp.2d 1203, 1209 (D. Kan. 2006), citing *29 C.F.R. § 825.220(b)*.  The Tenth Circuit, for example, has held that an employee dismissed from employment, causing and preventing him from exercising his statutory right to FMLA leave, has suffered unlawful interference if the dismissal would not have occurred except for the fact that the employee was FMLA-eligible.  *Smith*, 298 F.3d at 961, citing *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262 (10th Cir. 1998); see also *Jordan v. United States Postal Service*, 379 F.3d 1196, 1200-01 (10th Cir. 2004).  Simply put, why the employer interfered with an employee's FMLA rights is of no consequence.

Moreover, the FMLA regulations provide protection for employees who assert FMLA rights. *29 CFR § 825.220.* These protections include the following: (1) a prohibition on interfering with an employee's legal rights under the FMLA, which includes any restrictions imposed that restrains the exercise of FMLA rights; (2) a prohibition on discharging an employee or treating an FMLA-qualified employee differently because of the exercise of FMLA rights; (3) any violation of FMLA rights constitutes interference; (4) a prohibition against interference where the employer not only refuses to authorize FMLA leave, but discourages an employee from doing so–this prohibition also applies to circumstances where the employer manipulates the employee to avoid its responsibilities under the FMLA; and (5) a prohibition against discriminating or retaliating against an employee because the employee attempted to exercise FMLA rights. *Id.*, ¶¶ *(a)(1-2), (b), (c)(1 and 4).*

### 2. The application of the law of FMLA interference to the undisputed material facts of this case.

The following facts are dispositive of the FMLA interference claim Cordova brings through the instant motion: (1) under Policy 175 of UNMH, Family and Medical Leave, and at the time Mr. Cordova requested FMLA leave on March 23, 2016, he was eligible to take FMLA while his FMLA request was pending; (2) Bodnar, Lopez, and Hilton admitted under oath that Mr. Cordova was eligible for FMLA leave while his request was pending on March 23, 2016; (3) Mr. Cordova was denied FMLA-eligible leave on March 23, 2016 by Lopez and Hilton; (4) following denial of this FMLA-eligible leave, Mr. Cordova had no choice but to remain in the workplace while experiencing a flare-up of his FMLA-related medical condition; (5) within hours of the denial of this FMLA leave, circumstances occurred leading to the separation of Mr. Cordova from his UNMH employment.

Under the undisputed material facts of this case, there are no issues of facts that require

the determination of the fact-finder as to whether Lopez and Hilton interfered with Mr. Cordova's statutory FMLA rights. Lopez and Hilton interfered with Mr. Cordova's FMLA rights by refusing to permit him to access his FMLA entitlement. There is no question that the denial of FMLA-eligible leave constitutes interference with FMLA requirements. *29 C.F.R. § 220 (a) and (b)*. Denial of FMLA leave is interference with FMLA rights. *Id., at (a)(1)*. Any violations of FMLA rights constitutes interference. ; *see Id., at (b); Gambro*, 478 F.3d at 1287; *Smith*, 298 F.3d at 960.

Lopez and Hilton forced Mr. Cordova to remain in the workplace while experiencing the very medical condition for which Mr. Cordova submitted a request for FMLA leave. This denial of FMLA leave and the subsequent obligation to remain at work sick constitute adverse employment actions for purposes of the FMLA. *Sutherland*, 446 F.Supp.2d at 1209. Of course, these adverse employment actions were directly related to Mr. Cordova's attempts to exercise his FMLA rights.

This fact was made obvious to Lopez when Mr. Cordova communicated to Lopez that he needed to go home because of a "FMLA-kind-of-thing." Lopez admits that after Mr. Cordova communicated this need related to FMLA, Lopez then notified Hilton that Mr. Cordova was requesting leave related to his pending FMLA request. The record evidence conclusively shows that the decision-makers who denied Mr. Cordova FMLA leave on March 23, 2016 both knew that the leave sought was FMLA-related.

### 3. The undisputed material facts prove up willful violations of the FMLA by Defendants Lopez and Hilton.

In order to prevail on a claim of willful violations of the FMLA, a plaintiff must show that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]." *McClaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). In

9

the case before the Court, Lopez demonstrated reckless disregard for Mr. Cordova's FMLA rights by failing to read the FMLA medical certification and noting incorrect information on the Notice of Rights and Responsibilities with respect to workplace accommodations. Further, Lopez testified that while Mr. Cordova's FMLA request was pending, Lopez knew under UNMH's Policy 175 that Mr. Cordova was eligible for FMLA leave. Likewise, Hilton admitted that she knew Mr. Cordova was eligible for FMLA leave while the FMLA request was pending. Nevertheless, Hilton denied Mr. Cordova leave on the basis of business needs of UNMH.

These actions by Lopez and Hilton demonstrate both reckless disregard and knowledge that their actions were prohibited by the FMLA and UNMH's FMLA policy 175. The undisputed material facts here demonstrate that Lopez and Hilton knowingly and wrongfully denied Mr. Cordova the exercise of his FMLA rights. There are no genuine factual disputes that would merit denial of this motion for summary judgment and Mr. Cordova is entitled to judgment as a matter of law on the willfulness and reckless disregard of Defendants Lopez and Hilton for Mr. Cordova's privileges and rights under the FMLA.

## IV.  CONCLUSION

In light of the foregoing record evidence, precedent, and arguments, Plaintiff Cordova respectfully requests that the Court grant him judgment in his on Count I-FMLA Interference, award him his attorney's fees and costs associated with Count I, and for such further relief the Court deems just and appropriate under the circumstances.

       Respectfully submitted,

       LAW OFFICES OF MICHAEL E. MOZES, PC

       */s/ Michael E. Mozes*
       MICHAEL E. MOZES
       5732 Osuna Rd. NE
       Albuquerque, NM 87109-2527
       (505) 880-1200
       (505) 881-2444 (fax)
       Michael@mozeslawoffice.com

**I HEREBY CERTIFY** that a copy of the foregoing pleading was sent to opposing counsel via email and through filing with the Court's CM/ECF electronic filing system on this 6th day of April, 2018.

*/s/ Michael E. Mozes*
Michael E. Mozes