# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO


**LOUIS T. CORDOVA,**

     **Plaintiff,**


**v.**                                                                 **No. 16-CV-1144-JAP-JHR**


**STATE OF NEW MEXICO,**
**University of New Mexico Hospital,**
**EDUARDO LOPEZ, in his individual**
**capacity, CAROL HILTON, in her**
**individual capacity, and DEINNA DURES,**
**in her individual capacity,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

On October 30, 2018, the Court held a pretrial conference and motions hearing on

Plaintiff Louis Cordova's claims brought against his former employer, State of New Mexico

governmental entity the University of New Mexico Hospital (UNMH), and his former

supervisors, individual UNMH employees Eduardo Lopez, Carol Hilton, and Deinyna Duenas,

improperly identified as "Deinna Dures" (collectively, Defendants), arising out of Plaintiff's

separation from his employment with UNMH.[1] Present at the hearing were attorney Michael E.

Mozes, on behalf of Plaintiff, and Michael R. Heitz, on behalf of Defendants.

The Court had previously denied Defendants' Motion to Dismiss Plaintiff's claims, with

the exception of Counts I, II, and III, which the Court dismissed with prejudice as to UNMH, and

---

[1] *See* COMPLAINT FOR DAMAGES FROM FMLA RETALIATION, FMLA INTERFERENCE, WRONGFUL
TERMINATION, 42 U.S.C. § 1983 CONSPIRACY AND RIGHT TO CONTINUED EMPLOYMENT, AND
BREACH OF AN IMPLIED CONTRACT OF EMPLOYMENT (Doc. 1) (Complaint).

Count IV, which the Court dismissed with prejudice as to all Defendants.[2] Both parties then

moved for summary judgment, Plaintiff on Count I only, against the three individual Defendants,

and Defendants as to all remaining claims.[3] After considering the briefing,[4] arguments of

counsel, and the relevant law, the Court will grant Plaintiff's Motion as to individual Defendants

Lopez and Hilton but will deny the Motion as to Defendant Duenas. Because genuine issues of

fact remain, the Court will deny Defendants' Motion in its entirety.

## I. BACKGROUND

Plaintiff was employed by UNMH from October 30, 2007, until March 23, 2016. Compl.

¶¶ 14–15. Plaintiff has a diagnosis of post-traumatic stress disorder (PTSD) and a history of

trauma, which causes him to suffer acute anxiety and panic attacks, among other symptoms.

Plaintiff's Mot., Statement of Undisputed Material Facts (UMF) ¶¶ 6, 9, Ex. 7. Plaintiff had been

able to work with the aid of medications, but due to increased symptoms in February of 2016,

Plaintiff's medical providers recommended that he begin structured therapy and receive more

consistent treatment. *Id.*; Compl. ¶¶ 18–19. Plaintiff began receiving treatment and therapy

through Outcomes, a UNMH-sponsored health care program for employees who are in crisis or

need mental health counseling. Plaintiff's Mot. UMF ¶ 6; Compl. ¶ 20.

On March 7, 2016, after Plaintiff had experienced an episode of severe anxiety, Plaintiff

received a letter from Mimi Kessinger, a physician assistant at UNMH's Department of

Medicine, indicating that he should be excused from work for approximately ten days. Plaintiff's

---

[2] *See* MEMORANDUM OPINION AND ORDER (Doc. 51); ORDER OF PARTIAL DISMISSAL (Doc. 52).
[3] *See* PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I—FMLA INTERFERENCE (Doc. 77) (Plaintiff's Motion); DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS AND MEMORANDUM BRIEF IN SUPPORT THEREOF (Doc. 78) (Defendants' Motion).
[4] *See* PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 84) (Plaintiff's Response); DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT ONE – FMLA INTERFERENCE (Doc. 85) (Defendants' Response); PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I – FMLA INTERFERENCE (Doc. 89) (Plaintiff's Reply); DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS (Doc. 92) (Defendants' Reply).

Mot., UMF ¶ 4, Ex. 3; Compl. ¶ 22. Plaintiff asserts that he gave this letter to Defendant Deinyna

Duenas, one of Plaintiff's supervisors in UNMH's preregistration department, on or about March

7, 2016. Plaintiff's Mot., UMF ¶ 5, Ex. 4. Defendants dispute this, arguing that Ms. Duenas'

deposition testimony reflects only that she "may have" seen the note. Defendants' Resp.,

Disputed Material Facts (DMF) ¶ 2. The deposition testimony demonstrates that Ms. Duenas

believes she saw the note on or about March 7, 2016, and it is possible that Plaintiff may have

handed it to her, but she does not recall. Ex. 4.

On March 17, 2016, Plaintiff received a note from Outcomes health care provider Daniel

Crowder disclosing that Plaintiff had been experiencing acute anxiety and panic attacks and had

been treated at Outcomes on March 10, 2016, and March 17, 2016. Plaintiff's Mot., UMF ¶ 6,

Ex. 5. In the letter, Mr. Crowder recommended continuing outpatient therapy but stated that

Plaintiff had reached a level of stability that would allow him to return to work, although he

might need brief breaks if he began to experience symptoms of panic. *Id.* Also on March 17,

2016, Mr. Crowder filled out and signed an FMLA Certification of Health Care Provider, noting

that (1) Plaintiff had a history of trauma and had been diagnosed with PTSD; (2) Plaintiff's

medical condition caused episodic symptoms, including acute, overwhelming anxiety and panic

attacks, avoidance of stimuli, and alterations in cognition that exacerbated anxiety and

depression; (3) periodic increases in Plaintiff's symptoms, that could temporarily prevent

Plaintiff from performing his job functions and cause him to be ineffective at work, were

expected to occur one to two times per day and to last about an hour; and (4) Mr. Crowder

recommended that Plaintiff receive weekly or bimonthly therapy for six months to a year.

Plaintiff's Mot., UMF ¶¶ 8–9, Ex. 7.

Plaintiff returned to work on March 18, 2016, and gave the FMLA Certification to his supervisor, Defendant Eduardo Lopez. Plaintiff's Mot. at 1, UMF ¶¶ 7, 10, 15, Ex. 2. Plaintiff also gave Mr. Lopez a UNMH Notice of Eligibility and Rights & Responsibility form for FMLA leave. Plaintiff's Mot., UMF ¶ 11, Ex. 2, Ex. 8. Mr. Lopez does not recall filling out the Notice, but his signature is on the Notice and he submitted the paperwork to UNMH Human Resources (HR) for processing on March 18, 2016. Plaintiff's Mot., UMF ¶¶ 12, 16, 18, Ex. 2, Ex. 8. The supervisor's section of the Notice had been filled out, but it indicated that Plaintiff would not require a workplace accommodation despite the provider's statement in the FMLA certification that Plaintiff's condition would periodically render Plaintiff unable to perform his job for approximately 1 hour, 1-2 times per day. Plaintiff's Mot., UMF ¶¶ 9, 17, Ex. 7, Ex. 8.

On March 23, 2016, Plaintiff was at work when he went to Mr. Lopez and stated that he needed to go home because of an "FMLA thing." Plaintiff's Mot., UMF ¶ 23, Ex. 2. Mr. Lopez called his supervisor, Defendant Carol Hilton, and told her of Plaintiff's request. Plaintiff's Mot., UMF ¶¶ 24–25, Ex. 2, 10–11. Mr. Lopez and Ms. Hilton were both aware that Plaintiff was requesting FMLA leave. *Id.* However, Ms. Hilton told Mr. Lopez that Plaintiff could not go home because he was needed at work. Plaintiff's Mot., UMF ¶ 24, Ex. 2, Ex. 10. Mr. Lopez did not permit Plaintiff to go home. Plaintiff's Mot., UMF ¶ 26, Ex. 2, Ex. 10. Plaintiff states that Mr. Lopez believed he did not have to grant Plaintiff's FMLA leave while Plaintiff's leave request was still being processed, *see id.*, whereas Defendants state that Mr. Lopez believed Plaintiff was not eligible for FMLA leave because his requested leave had not yet been approved. Defendants' Resp., DMF ¶ 13.

After Mr. Lopez told Plaintiff that he could not go home, Plaintiff continued to work. Plaintiff's Resp., DMF ¶ 8. Mr. Lopez later met with Plaintiff about his productivity.

Defendant's Mot., UMF ¶ 8. Plaintiff asserts that Mr. Lopez "badgered" him in this meeting, and

that as a result of this badgering Plaintiff's anxiety increased, he suffered a panic attack, and he

left his workplace to seek medical treatment, leaving his UNMH badge behind. Plaintiff's Resp.,

DMF ¶ 8. Defendants contend that Plaintiff's actions in leaving work without authorization and

without his employee badge constituted a voluntary resignation. Defendant's Mot., UMF ¶ 8. But

Plaintiff denies having any intent to resign. Plaintiff's Resp., DMF ¶ 9. Plaintiff's significant

other, Danielle Telles, called Ms. Duenas and Ms. Hilton at Plaintiff's request to report

Plaintiff's absence from work. Plaintiff's Resp., DMF ¶¶ 11, 16, Ex. 7. On March 24, Plaintiff

obtained a work excuse note from his medical providers stating that he would return to work on

March 28, 2016. Defendant's Mot., UMF ¶ 17. However, prior to his projected return, Plaintiff

received a letter stating that he had voluntarily resigned from his employment with UNMH.

Defendant's Mot., UMF ¶ 19. This letter was drafted by Ms. Hilton on March 23, 2016, based on

the report from Mr. Lopez that Plaintiff had resigned. Defendant's Mot., UMF ¶ 20. Based on

these circumstances, Plaintiff filed suit against all Defendants for FMLA interference (Count I),

FMLA retaliation (Counts II and III), violation of due process (Count IV), breach of implied

contract (Count V), retaliatory discharge (Count VI), and wrongful termination (Count VII).

## II.    DISCUSSION

Plaintiff brings his claims under § 2615(a) of the FMLA, 42 U.S.C. § 1983, and New

Mexico common law. Compl. ¶ 1. The Court has original jurisdiction over Plaintiff's federal

claims under 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's state-law claims under

28 U.S.C. § 1367(a). Plaintiff asks the Court to grant summary judgment in his favor on his

claim for FMLA interference against Mr. Lopez, Ms. Hilton, and Ms. Duenas. Defendants

5

oppose Plaintiff's Motion and contend that they are entitled to summary judgment in their favor on all of Plaintiff's claims.

Summary judgment may be granted if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotation marks omitted). On cross-motions for summary judgment the Court is entitled "to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000). The Court will analyze each motion individually and on its own merits. *See Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (explaining that "[c]ross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

A.      **Plaintiff's Motion - FMLA Interference Claim**

The FMLA entitles a qualified employee to take up to twelve weeks of leave during any twelve month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." § 2612(a)(1)(D). It is unlawful for any employer to interfere with or retaliate against an employee's exercise or attempted exercise of these rights. § 2615(a). "To establish an FMLA interference claim, 'an employee must show that (1) he was entitled to FMLA leave, (2) an adverse action by his employer interfered with his right to take FMLA leave, and (3) this adverse action was related to the exercise or attempted exercise of the employee's FMLA rights.'" *DePaula v. Easter Seals El Mirador*, 859 F.3d 957,

978 (10th Cir. 2017) (quoting *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1226 (10th Cir. 2012)).

"A deprivation of these rights is a violation regardless of the employer's intent, and the

*McDonnell Douglas* burden shifting analysis does not apply." *DePaula*, 859 F.3d at 978 (internal

quotation marks omitted). If the interference was willful, Plaintiff is entitled to liquidated

damages equal to his lost wages and benefits. *See* 29 U.S.C. § 2917(a)(1)(A).

Defendants dispute only the first prong, arguing that Plaintiff was not entitled to FMLA

leave when Mr. Lopez and Ms. Hilton denied his request because his paperwork had not yet been

processed and approved by HR. They rely on UNMH policies that allow five days to process an

FMLA leave request and FMLA regulations that require the employer to notify the employee of

eligibility to take FMLA leave within 5 business days from "[w]hen an employee requests

FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an

FMLA–qualifying reason[.]" 29 C.F.R. § 825.300. However, these notice and processing

requirements apply to the employer, and do not limit the employee's actual eligibility. Eligibility

for FMLA leave is determined by federal law, and not by the employer. *See* 29 C.F.R. § 825.110

("An eligible employee is an employee of a covered employer who: (1) Has been employed by

the employer for at least 12 months, and (2) Has been employed for at least 1,250 hours of

service during the 12-month period immediately preceding the commencement of the leave . . .

and (3) Is employed at a worksite where 50 or more employees are employed by the employer

within 75 miles of that worksite.").

Defendants cite *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 873, 877 (10th Cir. 2004),

in which an employee had submitted a request for medical leave but then, while the request was

still being processed, was deemed to have voluntarily terminated her employment due to her

unexcused absences. The Tenth Circuit Court of Appeals affirmed the district court's decision

that the employee had failed to establish an FMLA interference claim. However, the employee in

*Bones* did not notify her supervisor either that she had submitted the request for medical leave or

that she was going to be absent from work, and the employer would have terminated her

employment for her failure to call in her absences regardless of her request for FMLA leave.

While the Court did state that an employee who has requested FMLA leave is still required to

comply with the employer's absence policy, this statement referred to the policy requiring Bones

to notify her employer of her absence. Those circumstances are distinguishable from Plaintiff's.

*Bones* does not imply that an employee lacks entitlement to FMLA leave when a request, of

which the employer is fully aware, has not yet been processed.

FMLA regulations provide that the refusal to authorize leave constitutes interference with

FMLA rights. *See* 29 C.F.R. § 825.220(a)-(b). It would be contrary to those regulations to

require approval from the employer before an employee was entitled to FMLA leave, since an

interference claim can be based on FMLA leave that is never approved. As noted by Plaintiff, the

Third Circuit Court of Appeals came to this conclusion in *Budhun v. Reading Hospital and

Medical Center*, 765 F.3d 245 (3d Cir. 2014), where an employee alleged interference with her

FMLA right to return to work. She had completed her FMLA paperwork and notified her

employer that she was seeking FMLA leave, but her leave request had not yet been processed.

The employer argued that it could not have interfered with her FMLA rights when it did not

allow her to return to work because she was ineligible for FMLA benefits until it approved her

leave. The Court disagreed, and stated that:

> A reading of the statute that denies all rights that the FMLA guarantees
> until the time that an employer designates the employee's leave as FMLA would
> be illogical and unfair. It would disempower employees taking any sort of short
> term unforeseen leave because it would allow employers to deny FMLA rights
> until the employer decided that the FMLA governed the employee's leave. As we
> held in *Erdman*, and consistent with *Brumbalough* and *James*, it is the time that

an employee invokes rights under the FMLA that matters, not when his or her
employer determines whether the employee's leave is covered by the FMLA.
      Reading's argument also runs counter to the FMLA's regulatory scheme.
The regulations provide that "'interfering with' the exercise of an employee's
rights would include, for example, not only refusing to authorize FMLA leave,
but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).
They also prohibit "manipulation by a covered employer to avoid responsibilities
under [the] FMLA." *Id.* This regulation makes clear that an employee's leave
need not have been approved by his or her employer in order for an employee to
invoke rights under the act because an employee can state an interference claim
even if his or her leave is never approved.

*Budhun*, 765 F.3d at 255–56. In an unpublished opinion, the Tenth Circuit has held similarly that

an employee is entitled to protection from retaliation under the FMLA upon the invocation of an

intent to take FMLA leave, even when the leave has not yet been applied for, let alone approved.

*See Wehrley v. Am. Family Mut. Ins. Co.*, 513 F. App'x 733, 742 (10th Cir. 2013). Regardless of

UNMH's approval process, the Court concludes that denying Plaintiff the ability to take FMLA

leave when he meets the federal eligibility standards and has an FMLA-qualifying condition

constitutes interference.

      Additionally, Plaintiff argues that the interference was willful because Ms. Hilton and

Mr. Lopez were both on notice of Plaintiff's FMLA-qualifying condition when they refused to

allow him to leave. Defendants respond that any interference was not willful because Ms. Hilton

and Mr. Lopez were attempting to follow the law and genuinely believed that Plaintiff was not

entitled to FMLA leave. However, even if they honestly but incorrectly believed that Plaintiff

was not eligible until HR had processed his request, their ignorance of the law is at least reckless.

To avoid liquidated damages, "an employer who has violated section 2615 of [the FMLA must]

prove[] to the satisfaction of the court that the act or omission which violated section 2615 of this

title was in good faith and that the employer had reasonable grounds for believing that the act or

omission was not a violation of section 2615." Defendants can not make that showing where

9

FMLA regulations clearly provided that Plaintiff was eligible and proscribed Mr. Lopez and Ms. Hilton's conduct. Accordingly, the Court will grant Plaintiff summary judgment on his interference claim against Mr. Lopez and Ms. Hilton. However, Plaintiff has not clearly demonstrated the personal involvement of Ms. Duenas in the denial of his leave, and consequently the Court will deny Plaintiff's Motion as to Ms. Duenas.

## B. Defendants' Motion – All Other Claims

Defendants ask for summary judgment on Plaintiff's claims because they assert that Plaintiff voluntarily resigned from his employment, so he has not suffered any compensable violations of the FMLA and he is not able to prove violation of his right to procedural due process, breach of implied contract, or wrongful termination. Additionally, Defendants contend that Plaintiff's employment was governed by a collective bargaining agreement (CBA) that required Plaintiff to exhaust his administrative remedies by participating in UNMH's grievance process or forfeit his legal right to challenge his separation from his employment. Thus, Defendants argue that Plaintiff waived his procedural due process and breach of implied contract claims by not grieving his alleged termination after he received the voluntary resignation letter. Defendants further argue that Plaintiff's procedural due process and breach of implied contract claims are governed by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because they are inextricably intertwined with the CBA. They assert that Plaintiff's claims are time-barred because the LMRA contains a six-month limitation period, and that Plaintiff failed to file within that window. Additionally, Defendants argue that Plaintiff's wrongful termination claim is barred because Plaintiff's employment was covered by the CBA, and the tort of wrongful termination is only available to at-will employees.

Defendants' arguments all depend on facts that Plaintiff disputes. Defendants acknowledge that Plaintiff denies resigning, but they argue that the evidence overwhelmingly supports a finding that Plaintiff did resign. However, Plaintiff disputes Defendants' statement that he resigned and disputes several of Defendants' supporting facts. For example, Defendants allege that Plaintiff informed several medical providers that he quit his job, but Plaintiff maintains that these meetings occurred after he received the letter stating that he had resigned, and that he told them only that UNMH had informed him that he quit his job. The exhibits cited by Defendants are all dated after Plaintiff received the letter from UNMH stating that he had resigned, therefore Plaintiff's explanation is plausible. Plaintiff admits that he left his badge on Mr. Lopez' desk, but he points out that he was in the midst of a panic attack at the time and was not thinking clearly, and he denies any intent to resign. Additionally, even if Plaintiff was found to have resigned, Defendants had already interfered with his FMLA rights by denying him leave before he walked out. On that basis, Defendants are not entitled to judgment on Count I, Plaintiff's FMLA interference claim, even under their version of the facts.

Defendants state that Plaintiff has admitted that he was subject to the CBA, but Plaintiff disputes this fact and contends that he only testified in his deposition that he had been told he was a non-dues-paying member of the union. He denies that he was required to follow any administrative grievance procedures, because he was not subject to the CBA and because Defendants did not impose any discipline on Plaintiff that could implicate an exhaustion requirement since they processed his separation from employment as a voluntarily resignation. Plaintiff further argues that the language of the CBA does not constitute a waiver of statutory or constitutional rights and that Defendants have failed to prove that the CBA was applicable to Plaintiff or his situation under the facts of this case. As a non-dues-paying union member,

Plaintiff disputes that he was subject to the CBA, that he had any rights or responsibilities under the CBA, and whether the CBA grievance procedures would be applicable when Defendants did not impose any category of discipline listed in Policy 130.

These disputes are factual issues for the jury, and the evidence is not so one-sided as to allow them to be decided on summary judgment. Consequently, the Court will deny Defendants' Motion.

IT IS THEREFORE ORDERED that:

(1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I—FMLA INTERFERENCE (Doc. 77) is GRANTED as to Defendant Lopez and Defendant Hilton but DENIED as to Defendant Duenas; and

(2) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS AND MEMORANDUM BRIEF IN SUPPORT THEREOF (Doc. 78) is DENIED.


_____
SENIOR UNITED STATES DISTRICT JUDGE